■ In the Matter of WILLIAM J. KELLER, JR., Petitioner, v BETH K. MORGAN et al., Constituting the former and current Town Board of the Town of Schodack, et al., Respondents.— Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Rensselaer County) to review a determination of the Town Board of the Town of Schodack which removed petitioner from his position as a member of the Town of Schodack Planning Board.

In 1979, petitioner became a member of the Planning Board of respondent Town of Schodack in Rensselaer County and some three years later began serving as the Planning Board's Chairman. Petitioner also held a 25% interest in William J. Keller & Sons Construction Corporation (hereinafter Keller Construction), which performs road work and other heavy construction. In June 1987, the town charged petitioner with violating General Municipal Law § 805-a (1) (c) and Local Laws, 1970, No. 3 of the Town of Schodack as a result of an alleged conflict of interest in his service on the Planning Board and ownership interest in Keller Construction.* Specifically, the town alleged that Keller Construction entered into a road and drainage work contract and performed work at the Mountain View Estates subdivision while an application for

---

* Of three initial charges involving three separate instances of alleged conflicts of interest, petitioner was exonerated of any wrongdoing with regard to two charges. This proceeding involves only the one charge sustained and we limit our discussion to that charge.

approval of the subdivision was pending before the Planning Board, and that on September 15, 1986 petitioner voted to approve the subdivision without disclosing his interest in Keller Construction and the work being performed. A hearing was held, after which the Hearing Officer found that although petitioner did not vote to approve the subdivision, he did participate in the Planning Board's decision despite Keller Construction's contract to perform work at the subdivision and receive compensation. The Hearing Officer concluded that petitioner's conduct constituted a conflict of interest but that petitioner might not have been conscious of the conflict. At its November 5, 1987 meeting, the Town Board adopted so much of the Hearing Officer's report as found a violation of General Municipal Law § 805-a (1) (c) and the town's local law. Based upon this finding, petitioner was removed from office. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination.

Petitioner contends that the determination is not supported by substantial evidence. We disagree. The parties stipulated to petitioner's ownership interest in Keller Construction and petitioner admitted that Keller Construction's contract to do the work at the subdivision was entered into before the subdivision was approved by the Planning Board at its September 15, 1986 meeting. There is other testimony from the Planning Board attorney that petitioner neither disqualified himself in this matter nor made any statement concerning the conflict. From such facts, we conclude that there is substantial evidence to support the determination that a conflict of interest existed when petitioner participated in the Planning Board's decision on the subdivision while petitioner's corporation was then under contract to perform work at the subdivision and receive compensation.

Petitioner also argues that the sanction of removal was so disproportionate to his violation that it must be annulled. Again, we disagree. There is nothing either shocking or unfair about the removal from public office of a local contractor who serves on a town planning board and, despite the clear and unequivocal proscription of conflicts of interests in both the General Municipal Law and a local law, participates in the planning board's consideration of a project in which he or his corporation has a contract to perform work without disclosing the contract. The existence of a conflict of interest in such circumstances is patent, and the potential damage to the public welfare in general and the integrity of the planning board in particular is obvious. We note that the Hearing

Officer found "ameliorating circumstances" in that petitioner "seems not to have been conscious of a conflict * * * and now seems to regard his failure to vote as a sufficient answer to the ethical problem". The Town Board, however, adopted only that portion of the Hearing Officer's report as found petitioner guilty of violating the General Municipal Law and the town's local law. By imposing the sanction of removal, the Town Board clearly rejected the Hearing Officer's finding of "ameliorating circumstances". The determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.

Mahoney, P. J., dissents and votes to annul in a memorandum. Mahoney, P. J. (dissenting). I agree that there is substantial evidence to support the determination that a conflict of interest existed when petitioner participated in the Planning Board's decision on the subdivision while petitioner's corporation was then under contract to perform work at the subdivision and receive compensation. But I disagree that the Town Board properly removed petitioner from the Planning Board.

The Hearing Officer made no affirmative finding that petitioner's violation was a knowing and intentional act. Furthermore, the Town Board's adoption of so much of the Hearing Officer's report as found petitioner guilty of General Municipal Law § 805-a and Local Laws, 1970, No. 3 of the Town of Schodack fails to incorporate or affirmatively make any finding that petitioner's violation was knowing and intentional. Significantly, the acts prohibited by General Municipal Law § 805-a (1) and the applicable local law are not conditioned upon knowledge or intent; it is only the imposition of the penalties prescribed in General Municipal Law § 805-a (2) and the applicable local law which require knowing and intentional violations. In the absence of any finding of a knowing and intentional violation or reliance on any other provision for petitioner's penalty, the penalty provisions of General Municipal Law § 805-a (2) and the applicable local law do not apply. Accordingly, I believe that the removal of petitioner from the Planning Board was in excess of lawful authority. Although recognizing that this precise issue was not raised by petitioner, who limited his argument to whether the penalty was disproportionate to the violation, I nonetheless believe that this court has the authority, if not the obligation, to ensure that disciplinary penalties are meted out in accordance with legal authority.