■ In the Matter of TIMOTHY J. AHEARN, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF SHAWANGUNK et al., Respondents. (And Three Other Related Proceedings.)— Casey, J.

Petitioner asserts a number of grounds for annulling various determinations of respondent Zoning Board of Appeals of the Town of Shawangunk (hereinafter the Board) made during the course of its consideration of an application by respondents Lee C. Titus (hereinafter the applicant) and Joanna Titus for a special use permit to construct a planned unit development in Ulster County. The first of these grounds is that certain personal interests of several Board members conflicted with the execution of their public duties as zoning officials and/or violated the Town Code of Ethics which, *inter alia,* forbids any town employee from engaging in conduct which would conflict with the discharge of his or her duties or would raise a suspicion of improper influence. Petitioner concedes that there has been no direct conflict of interest of the type forbidden by General Municipal Law § 809. Rather, he claims that he has submitted evidence which establishes, at a minimum, the need for an adversarial hearing to unearth the "silent and invidious" intrusion of personal interest considerations into governmental activities.

We conclude, however, that petitioner has shown nothing more than that, as active members of their community, the Board members have a variety of political, social and financial interests which, through innuendo and speculation, could be viewed as creating an opportunity for improper influence. For example, petitioner perceives a conflict of interest in the fact that the wife of one of the Board members teaches piano to the applicant's daughter and was given a Christmas gift for doing so. Petitioner also contends that since the applicant is a long-term member of the Board, other junior Board members might have viewed him as their leader and might have been

influenced even though the applicant disqualified himself from any Board consideration of the application. Petitioner sees a similar conflict in the applicant's involvement in local politics, and in the fact that one of the Board members purchased homeowners' and automobile insurance from the applicant. Petitioner also contends that one of the Board members was improperly influenced since his mother-in-law voiced her criticism of opponents to the applicant's project. We are of the view that these claims, and others advanced by petitioner, do not rise above the type of speculation that would effectively make all but a handful of citizens ineligible to sit on the Board *(see, Town of N. Hempstead v Village of N. Hills,* 38 NY2d 334, 344). We have considered the various claims made by petitioner under the heading of conflict of interest and find them meritless.

Next, petitioner argues that the Board lacked jurisdiction to consider the application since the notice of public hearing required by the town ordinances was given by regular mail, with a certificate of mailing, instead of by registered or certified mail as required by the ordinance. We reject the argument *(see, Matter of Velez v Board of Appeals,* 147 AD2d 648, 649, *lv denied* 74 NY2d 760), particularly since petitioner received notice and appeared at the hearing *(see, Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638, 640).

Petitioner contends that the Board and respondent Planning Board of the Town of Shawangunk (hereinafter collectively referred to as respondents) erred in ignoring the density restriction contained in Town Law § 281 (b). It has been said that Town Law § 281 is "a statute enacted for the limited purpose of authorizing the use of a particular technique, cluster development"[1] *(Matter of Kamhi v Planning Bd.,* 59 NY2d 385, 391). Since the proposed development at issue includes the clustering of 56 dwelling units into 14 four-unit buildings, petitioner contends that the density restriction contained in Town Law § 281 (b) is applicable. Respondents, however, contend that the statute is inapplicable since on its face it applies only where a planning board is authorized to modify or waive zoning restrictions in order to permit cluster development, and the clustering herein is to be done pursuant

---

1. Cluster development uses groups of residences to increase dwelling densities on specific locations of a development in order to leave other locations free of dwellings (2 Rohan, Zoning and Land Use Controls § 12.02 [1]).

to a comprehensive planned unit development[2] ordinance which does not involve the modification or waiver of zoning restrictions by the Planning Board. According to respondents, the town's authority to enact a comprehensive planned unit development ordinance is derived from the broad delegation of zoning powers contained in Town Law §§ 261 and 263 *(see,* 1 Anderson, New York Zoning Law and Practice § 10.01 *et seq.* [3d ed]) and, therefore, the limited provisions of Town Law § 281 do not apply. Petitioner counters with the argument that since Town Law § 281 is the enabling legislation for cluster development, its provisions are applicable whenever clustering is proposed, irrespective of the mechanism.

It does not appear that this issue has been directly addressed by the courts of this State *(but see, Town of N. Hempstead v Village of N. Hills,* 38 NY2d 334, *supra* [where the Court of Appeals upheld a floating zone mechanism that permitted clustering without reference to Village Law § 7-738, which is similar to Town Law § 281]), and we need not decide the issue here. Assuming that the density restriction of Town Law § 281 (b) is applicable, it provides that the proposed clustering cannot result in more dwelling units than the applicable provisions of the zoning ordinance would otherwise permit *(Van Deusen v Jackson,* 35 AD2d 58, 62, *affd* 28 NY2d 608). The planned unit development ordinance herein permits 56 units on 28 acres in the applicable district if certain conditions are met, irrespective of whether the dwelling units are clustered.[3] Thus, neither the letter nor the spirit of Town Law § 281 has been violated.

As to petitioner's claim that respondents failed to comply with the requirements of SEQRA (ECL art 8), we conclude that the mislabeling of the proposed development as an unlisted action, rather than a type I action, is irrelevant since the proper procedural and substantive guidelines for a type I action were followed *(see, Matter of Jaffee v RCI Corp.,* 119

2. Planned unit development is usually limited to large tracts of land and involves a mix of residential, commercial and/or industrial uses subject to restrictions calculated to achieve compatible and efficient use of the land (1 Anderson, New York Zoning Law and Practice § 10.01, at 512 [3d ed]). Although the terms planned unit development and cluster development have been used interchangeably, cluster development is often an element of the broader concept of a planned unit development (2 Rohan, Zoning and Land Use Controls § 12.02 [1]).

3. The ordinance defines a planned unit development as "[a] structure or group of structures containing not less than 50 dwelling units planned as a unit with certain facilities in common". Although the ordinance clearly contemplates the use of clustering, it does not require it.

AD2d 854, 855). In these circumstances, since the record establishes that respondents took the requisite " 'hard look' " at the relevant areas of environmental concern and made a " 'reasoned elaboration' " of their determinations, there is no basis for judicial intervention *(supra,* at 855).

We have considered the remaining issues raised by petitioner and find them insufficient to merit further discussion. We agree with Supreme Court's conclusion that the petitions should be dismissed and, therefore, we affirm the judgment.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.