OPINION OF THE COURT
Harold J. Hughes, J.
Petitioners seek judgment annulling Local Laws, 1990, No. 6 which established a Senior Citizen Residence District (SCRD) in the zoning code of the Town of Bethlehem by use of a "floating zone”.
The petition alleges that petitioners reside on or near North Street in the Town of Bethlehem, the proposed site of a 50-unit senior citizen housing project. The area is presently zoned "A” residential. It is alleged that on June 1, 1990, Bethlehem Town Supervisor Kenneth Ringler submitted a letter to the United States Department of Housing and Urban Development (HUD) seeking financial aid for the project. Local Law No. 6 was enacted on November 28, 1990, to facilitate the project. Petitioners assert that Local Law No. 6 creates a "floating zone” in which the only permitted use would be multifamily dwelling arranged as individual units for the occupancy of elderly families, with 12% of the units allowed to be occupied by nonelderly physically handicapped families. HUD did not fund the project during 1990, but the sponsors of the project intend to reapply.
The answer asserts, as an affirmative defense, that this proceeding should be in the form of a declaratory judgment action rather than a CPLR article 78 proceeding. To the extent necessary, the proceeding will be converted pursuant to CPLR 103 (c).
Zoning provisions creating a district limited to elderly people (Maldini v Ambro, 36 NY2d 481) and the creation of a five-acre "floating zone” (Blitz v Town of New Castle, 94 AD2d 92) have been upheld. It is against that background that the causes of action must be examined. The first cause of action asserts that the local law should be annulled due to a failure to consult with LUMAC. LUMAC is an advisory committee created by the Town Board to make recommendations concerning a comprehensive master plan proposal for zoning in the Town of Bethlehem. The respondents correctly point out that Town Law § 261 gives the power to zone to the Town Board, not an advisory committee, and the Bethlehem Town Board is free to exercise its statutory power with or without the advice of an advisory body it created. The first cause of action lacks merit.
*12 The second cause of action alleges that the "sunset” provision of the local law which has the property revert to its original zoning classification if a building permit is not applied for and actual construction commenced within two years of the rezoning of the parcel violates Town Law §§ 261, 262, and 263. The argument appears to be that the creation of a temporary district is not permissible under the Town Law. The court disagrees. In Matter of Golden v Planning Bd. (30 NY2d 359), the petitioners asserted that the zoning ordinance enacted by the town violated sections 261 and 263 of the Town Law in calling for sequential development. The court (at 369) noted: "In enacting the challenged amendments, the Town Board has sought to control subdivision in all residential districts, pending the provision (public or private) at some future date of various services and facilities. A reading of the relevant statutory provisions reveals that there is no specific authorization for the 'sequential’ and 'timing’ controls adopted here. That, of course, cannot be said to end the matter, for the additional inquiry remains as to whether the challenged amendments find their basis within the perimeters of the devices authorized and purposes sanctioned under current enabling legislation. Our concern is, as it should be, with the effects of the statutory scheme taken as a whole and its role in the propagation of a viable policy of land use and planning”.
The Court of Appeals determined that even though the timing controls placed in the zoning ordinance were not specifically authorized in the Town Law, they were still sustainable as a reasonable method of controlling development pursuant to the comprehensive plan. The reason advanced by the Town Board for the "sunset” provision in issue is set forth at paragraph 10 of the affidavit of Kenneth J. Ringler, Jr., as follows: "In the past, the Town Board had granted zoning changes for Planned Residence Districts which had remained on the map for years but were never built. As the years passed, the neighborhoods and character of the community surrounding them changed so that the initial project approval was no longer appropriate for the area. It was only then, that the developer sought to pursue such project. To avoid this zoning dilemma, the Town Board determined to place a time restriction for the commencement of the project”.
This court can find nothing in the Town Law prohibiting the timing device enacted by the Town Board. Furthermore, the "sunset” provision appears to be a reasonable method of controlling development in furtherance of the town’s over-all zoning plan. The crux of the third cause of action is the *13 allegation at paragraph 38 that: "Local Law Number 6 insofar as it equates a single mandated use with a 'zone’ is nothing other than an attempt to evade the mandate of uniformity set forth in Town Law Section 262 which authorizes towns to establish districts but provides that all regulations be uniform for all class or kinds of buildings throughout such districts”.
This argument has been considered and rejected (Blitz v Town of New Castle, 94 AD2d 92, supra). As the leading commentator has stated:
"Whatever the final conclusion as to the hazards of the floating-zone technique, it seems clear that it does not necessarily constitute spot zoning, and it will be approved if it is employed as a part of the community’s comprehensive plan.
"The floating zone described in this section, and approved in the cases cited herein, is a single use zone.” (1 Anderson, New York Zoning Law and Practice § 5.12, at 184-185 [3d ed 1984].)
The fourth cause of action asserts that the "floating zone” constitutes illegal "spot zoning”. "Spot zoning is the singling out of a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of the property and to the detriment of the other owners” (Kravetz v Plenge, 84 AD2d 422, 428). Petitioners have the burden of proof upon the charge that the "floating zone” constitutes illegal "spot” zoning and have failed to meet that burden (Barry v Glenville, 9 AD2d 822, affd 8 NY2d 1153). Simply put, the petitioners have not established that the purpose behind the SCRD is to benefit the owners of the proposed location on North Street, rather than to benefit the community by providing low-cost senior citizen housing pursuant to a comprehensive plan.
The fifth cause of action asserts that the enactment of the local law violates subdivision (b) of section 281 of the Town Law by permitting an increase in density from the previous zoning. A review of Town Law § 281 (b) demonstrates that it places the density limitation upon what a planning board can do, and simply does not speak to the power of a town board to create a new "floating zone” (see, Matter of Ahearn v Zoning Bd. of Appeals, 158 AD2d 801, lv denied 76 NY2d 706). The fifth cause of action lacks merit. The court has considered the remaining arguments and rejects them.
The respondents are entitled to a judgment dismissing the petition and declaring that Local Law No. 6 of the year 1990 is a valid enactment.