■ In the Matter of BEATRICE PARKER et al., Appellants, v TOWN OF GARDINER PLANNING BOARD et al., Respondents.— Levine, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered April 30, 1991 in Ulster County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Gardiner Planning Board granting subdivision approval for a certain parcel located adjacent to petitioners' property.

Petitioners and respondent Guilford Acres Associates (hereinafter Guilford) are the owners of certain adjacent real property located in the Town of Gardiner, Ulster County. In October 1989, Guilford made application to respondent Town of Gardiner Planning Board (hereinafter the Board) for approval of a 12-lot subdivision to be constructed on its 71-acre parcel. Between October 1989 and April 1990, the Board held various meetings and hearings regarding the proposed subdivision. On May 16, 1990, the Board filed a decision granting Guilford preliminary plat approval. The Board granted conditional final approval of the entire 12-lot subdivision on or about August 29, 1990.

On September 26, 1990, petitioners commenced this CPLR article 78 proceeding challenging the Board's determination approving the subdivision on several grounds. Respondents answered the petition, raising objections in point of law. Supreme Court ultimately dismissed the petition and this appeal ensued.

Petitioners' first contention on this appeal is that the Board's chairperson, respondent Robert Zaccheo, had an ongoing and significant financial relationship with one of Guilford's two principals, Laurie Willow, which conflicted with the execution of his public duties as a member of the Board and/ or violated provisions of the Town Code of Ethics prohibiting Town officials from, inter alia, engaging in private employment or holding investments which would conflict with or

impair the discharge of their duties. According to petitioners, Zaccheo was required to abstain from either discussing or voting on Guilford's application. We disagree. The record establishes that Zaccheo is the president of a local steel fabrication and supply company and that Willow is the owner of a local construction company which purchased steel products from Zaccheo's company over the three years preceding the Board's approval of Guilford's application. It is undisputed that, during that time, the annual gross sales of Zaccheo's company approximated $2 to $3 million and that purchases by Willow's company ranged from a low of $400 to a high of $3,000 per year. Supplied with the foregoing facts, the Attorney-General concluded in an informal opinion letter that a conflict of interest existed requiring Zaccheo to recuse himself from participation in any deliberations or votes concerning applications by Willow (1990 Atty Gen [Inf Opns] 38). The Town Board of Ethics reached the opposite conclusion, however, reasoning in an advisory opinion that the percentage of each sales dollar ultimately paid to Zaccheo as a result of purchases by Willow's company did not rise to a level sufficient to create a conflict of interest. In our view, the determination of the Town Board of Ethics is rational and entitled to considerable weight by this court (see, DiLucia v Mandelker, 110 AD2d 260, 263, affd 68 NY2d 844).

Resolution of questions of conflict of interest requires a case-by-case examination of the relevant facts and circumstances (see, 3 McQuillin, Municipal Corporations § 12.136, at 631 [3d rev ed]) and the mere fact of employment or similar financial interest does not mandate disqualification of the public official involved in every instance (see, Matter of Zagoreos v Conklin, 109 AD2d 281, 287). In determining whether a disqualifying conflict exists, the extent of the interest at issue must be considered and where a substantial conflict is inevitable, the public official should not act (see, 1984 Opns Atty Gen 86, 160). Here, Zaccheo's business or financial interest with respect to Willow amounted to, at most, .15% of his company's gross sales for the years 1988 through 1990. Under these circumstances, we find that the likelihood that such a de minimis interest would or did in fact influence Zaccheo's judgment and/or impair the discharge of his official duties is little more than speculative (see, Matter of Ahearn v Zoning Bd. of Appeals, 158 AD2d 801, 801-802, lv denied 76 NY2d 706; cf., Matter of Keller v Morgan, 149 AD2d 801; Matter of Zagoreos v Conklin, supra; Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd., 69 AD2d 320). Thus, we conclude that disqualification was not required.

Next, we reject petitioners' challenge to the Board's determination on the ground of noncompliance with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Because the Board's SEQRA review was completed as of May 16, 1990, the date of the filing of the preliminary plat approval, the 30-day Statute of Limitations contained in Town Law § 282 began to run at that time *(see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 78 NY2d 608, 613-614). Accordingly, the SEQRA challenges raised in this proceeding, not commenced until September 26, 1990, are clearly time barred *(see, supra).*

We likewise reject petitioners' contention that the Board's approval of Guilford's plat violated various Town subdivision regulations. Our review of the regulations at issue and the proof submitted by the parties demonstrates that, with respect to each of petitioners' claims, they have either failed to establish a violation of the subject regulation or to show that the Board acted in excess of the discretion given to it under the regulation.

As a final matter, we disagree with petitioners' assertion that the Board erred in failing to require Guilford to set aside land within the subdivision for park or recreational purposes. Town Law § 277 (1) vests a planning board with power to require a subdivision plat to "show in proper cases * * * a park or parks suitably located for playground or other recreational purposes" or, where the placement of a park or parks is either not possible or not practical, to require "payment to the town of a sum * * * to be used by the town exclusively for neighborhood park, playground or recreation purposes". Nothing in that provision, however, makes the reservation of such parklands or the securing of a fee in lieu thereof mandatory. Further, contrary to petitioners' position, we do not read the Court of Appeals' decision in *Matter of Bayswater Realty & Capital Corp. v Planning Bd.* (76 NY2d 460) as requiring a town planning board in every instance of subdivision approval to make explicit written findings as to whether a proper case exists for requiring the developer to show parklands within the subdivision "suitably located for playground or other recreational purposes" (Town Law § 277 [1]). Here, petitioners do not dispute that a finding was made in part 2 of the environmental assessment form that the proposed subdivision would have no impact on recreational opportunities, nor do they cite to anything in the record indicating that the subdivision will create the need for additional parkland in the Town *(see, Matter of Bayswater Realty & Capital Corp. v Planning*

*Bd., supra,* at 471). Thus, we find no basis requiring reversal and remittal for the Board's further exercise of discretion and findings in this regard.

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.