■ In the Matter of MARION LAIRD et al., Appellants, v TOWN OF MONTEZUMA, Respondent. [594 NYS2d 939] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: The Town of Montezuma amended its zoning ordinance to establish new boundary lines for the hamlet district. Petitioners, owners of property formerly within the hamlet district, sought judgment declaring the amendment null and void.

Supreme Court properly denied relief to petitioners. The legislative determination that the amendment was necessary to reflect existing conditions and to avoid future congestion within the hamlet district is entitled to a strong presumption of validity *(see, Asian Ams. for Equality v Koch,* 72 NY2d 121, 131; *Pyne v Knaisch,* 159 AD2d 999, 1000). The record fails to support petitioners' contention that the Town Board acted arbitrarily. Rather, the record establishes that the amendment at issue was adopted, after careful study, as a means to benefit the entire community *(see, Asian Ams. for Equality v Koch, supra,* at 131-132; *Kravetz v Plenge,* 84 AD2d 422, 429).

We reject petitioners' contention that a hearing was re-

quired to determine whether the Town should be estopped from enforcing the zoning amendment based upon petitioners' alleged detrimental reliance on the erroneous advice of Town officials *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *cert denied* 488 US 801).

The record fails to support petitioners' allegation that three of the Town Board members were biased in favor of the amendment. Further, because the alleged bias involved only expressions of personal opinion rather than any financial interest in the rezoning, there is no basis for setting aside the action of the Town Board *(see, Webster Assocs. v Town of Webster,* 59 NY2d 220, 227).

Although the court properly denied relief to petitioners, it should have converted the CPLR article 78 proceeding to an action for declaratory judgment and declared the rights of the parties *(see,* CPLR 103 [c]; *Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184, 192). Therefore, we modify the judgment by converting the proceeding to an action for declaratory judgment and declaring that the zoning amendment is valid. (Appeal from Judgment of Supreme Court, Cayuga County, Corning, J.—Article 78.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.