■ In the Matter of JOHN SEGALLA, Appellant, v PLANNING BOARD OF THE TOWN OF AMENIA et al., Respondents. [611 NYS2d 287] —In a proceeding pursuant to CPLR article 78 to declare illegal a resolution of the Planning Board of the Town of Amenia, dated December 17, 1991, adopting a Master Plan, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated August 14, 1992, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding thereto provisions (1) converting the proceeding into an action for a declaratory judgment *(see,* CPLR 103 [c]), with the petition deemed the complaint, and (2) declaring that the resolution of the Planning Board of the Town of Amenia, dated December 17, 1991, adopting a Master Plan, was properly adopted; as so modified, the judgment is affirmed, with costs to the respondents.

In 1988, the Town of Amenia began studying proposals to revise its Master Plan for zoning. The petitioner, who owns a gravel mining business in the Town, urged the Planning

Board to include a "floating" industrial/mining zone in the Master Plan. The first draft of the Master Plan included a provision for such a zone. At public hearings, Robert Jones, a resident of the Town, argued strongly against such a zone. Subsequently, Jones was appointed to fill a vacancy on the Planning Board and voted to approve the final Master Plan, from which the draft provision in favor of the floating zone had been eliminated. The petitioner contends that Jones' vote should not have been allowed as he had a conflict of interests, that the board vote was thereby tainted, and that the adoption of the Master Plan by that vote is, therefore, invalid. We disagree. The record does not support the petitioner's allegation that Jones' opposition to the floating zone is based on his financial interest. Because the alleged bias involved only personal opinion rather than any financial interest in the adoption of the Master Plan, there is no basis for setting aside the Planning Board's action (see, Webster Assocs. v Town of Webster, 59 NY2d 220, 227; Matter of Laird v Town of Montezuma, 191 AD2d 986, 987; see also, Matter of Cahn v Planning Bd., 157 AD2d 252, 259).

Moreover, the claim that a member of the Planning Board who owns property in the Town, might, at some point in the future, benefit from the new Master Plan on the theory that the value of his property was less likely to be adversely effected than if the original proposed floating zone remained in the plan is, at best, speculative (see, Town of N. Hempstead v Village of N. Hills, 38 NY2d 334, 344). Furthermore, since the property of nearly every other property owner in the Town would be similarly effected, "petitioners' argument would make all but a handful of property owners in the village ineligible to sit on the board in such matters" (Town of N. Hempstead v Village of N. Hills, supra, at 344; see also, Matter of Parker v Town of Gardiner Planning Bd., 184 AD2d 937, 938; Matter of Ahearn v Zoning Bd. of Appeals, 158 AD2d 801, 801-802; Matter of Cahn v Planning Bd., 157 AD2d 252, 259, supra).

Although the Supreme Court properly denied relief to the petitioner, it should have converted the CPLR article 78 proceeding to an action for declaratory judgment and declared the rights of the parties (see, CPLR 103 [c]; Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184, 192; Matter of Laird v Town of Montezuma, 191 AD2d 986, 987, supra). Miller, J. P., Joy, Krausman and Florio, JJ., concur.