■ In the Matter of EDGAR KING, Individually and as Supervisor of the Town of Northumberland, et al., Appellants, v SARATOGA COUNTY BOARD OF SUPERVISORS, Respondent. [636 NYS2d 865] —Crew III, J. Appeals from two orders and judgments of the Supreme Court (James, J.), entered July 28, 1994 and December 21, 1994 in Saratoga County, which, upon reconsideration, *inter alia*, dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, and made a declaration that a particular resolution adopted by respondent is valid.

In 1989, the County of Saratoga (hereinafter the County) designed itself a "planning unit" pursuant to ECL 27-0107 and contracted with consulting engineers, Smith & Mahoney P. C., to develop a solid waste management plan (hereinafter the plan). The plan, which ultimately was adopted by the County

and approved by the Department of Environmental Conservation (hereinafter DEC), called for the establishment of a County landfill at one of the sites identified therein. A subsequent challenge to DEC's approval of the plan proved unsuccessful (*see, Matter of Seymour v New York State Dept. of Envtl. Conservation*, 184 AD2d 101).

Thereafter, in March 1991, respondent adopted Resolution No. 86 of 1991 which, *inter alia*, accepted Smith & Mahoney's recommendation designating the "Kobor Road" site, located in the Town of Northumberland, Saratoga County, as the "preferred primary site" for the landfill. A challenge was made to the adoption of Resolution No. 86 of 1991 based upon the County's failure to comply with the mandates of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]; *see, Matter of Seymour v County of Saratoga*, 190 AD2d 276). Supreme Court dismissed the petition and the petitioners in that proceeding appealed to this Court (*see, supra.*).

While that appeal was pending, respondent designated itself as lead agency for the proposed project and began SEQRA review of the Kobor Road site. Ultimately, respondent made a positive declaration for the site and directed preparation of a draft environmental impact statement (hereinafter EIS). The draft EIS and a draft part 360 permit were completed in August 1992 and appropriate notice and publication were given. Smith & Mahoney subsequently was directed to prepare a final EIS, which was approved by respondent in February 1993. Shortly thereafter, in March 1993, respondent adopted the SEQRA "findings statement" and directed Smith & Mahoney to file the part 360 permit application with DEC.

On May 20, 1993, this Court handed down its decision in *Matter of Seymour v County of Saratoga (supra)*, nullifying Resolution No. 86 of 1991. On June 22, 1993, respondent adopted Resolution No. 103 of 1993 "confirm[ing] and ratif[ying] every step taken by itself, its predecessors, its agents or employees on behalf of the citizens of the County * * * to commence, carry out and complete the SEQRA review of the [Kobor Road site]". Petitioners thereafter commenced this proceeding pursuant to CPLR article 78 challenging the sufficiency of the final EIS. After converting the proceeding into a combined CPLR article 78 proceeding and action for declaratory judgment, Supreme Court annulled respondent's March 1993 vote on the findings statement and deferred resolution of petitioners' remaining claims pending further action by respondent. Respondent's subsequent motion for reconsideration was

granted, with Supreme Court vacating its prior judgment and dismissing the petition. This appeal by petitioners followed.

Petitioners initially contend that Supreme Court erred in granting respondent's motion for reconsideration. While it is true, as petitioners point out, that respondent steadfastly defended the propriety of its March 1993 vote on the findings statement, it also raised ratification as an affirmative defense and called to Supreme Court's attention its passage of Resolution No. 103 of 1993. Upon reconsideration, respondent persuaded Supreme Court that it had overlooked respondent's showing that Resolution No. 103 of 1993 cured any infirmity that may have existed in respondent's adoption of the findings statement and, based upon our review of the record as a whole, we cannot say that Supreme Court abused its discretion in this regard (*see generally, Rebh v Lake George Ventures*, 218 AD2d 829, 832).

Turning to the merits, petitioners argue that respondent lacked the authority under the County Law to pass Resolution No. 103 of 1993 and that such resolution, in any event, did not obviate the need for the de novo environmental review mandated by this Court's prior decision in *Matter of Seymour v County of Saratoga (supra)*. We cannot agree. Assuming, without deciding, that the propriety of Resolution No. 103 of 1993 is an issue properly before this Court, it is apparent that respondent possessed the general authority to ratify the acts undertaken by it here in furtherance of the SEQRA review process (*see generally*, County Law § 153; *Seif v City of Long Beach*, 286 NY 382, 386-387; *Albany City Natl. Bank v City of Albany*, 92 NY 363, 366-367; *Nassau County v Incorporated Vil. of Roslyn*, 218 AD2d 688). Additionally, although this Court did note, in its prior decision in *Matter of Seymour v County of Saratoga (supra)*, certain deficiencies in the SEQRA review initially undertaken by respondent, we are persuaded that respondent's completion of that process, including the preparation and filing of the final EIS, together with the passage of Resolution No. 103 of 1993, cured such deficiencies and, as such, de novo environmental review is not only unwarranted but, at this stage, would be entirely redundant.

Petitioners next contend that respondent failed to take the requisite "hard look" at the environmental impacts posed by the project. Specifically, petitioners assert that the final EIS was deficient in that it failed to address, consider, analyze or evaluate (1) leachate treatment and disposal, (2) Federal wetlands located on the site, (3) reasonable alternatives to the size and location of the proposed landfill, (4) energy impacts, and

(5) the cumulative impact of a bordering paper sludge landfill. Again, petitioners' argument is unpersuasive.

It is well settled that our inquiry in this matter is limited to whether respondent "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417) and, to that end, we are to refrain from substituting our judgment for that of respondent (*see, Matter of Balsam Lake Anglers Club v Department of Envtl. Conservation*, 199 AD2d 852, 855). Additionally, although a final EIS must discuss all reasonable alternatives to the proposed action (*see,* ECL 8-0109 [2] [d]; [4]; 6 NYCRR 617.14 [f] [5]; *Matter of Jackson v New York State Urban Dev. Corp.*, *supra*, at 416), we must bear in mind that the administrative agency in question, here respondent, is not required to engage in "an exhaustive analysis of every conceivable alternative" to the proposed project (*Matter of Morse v Town of Gardiner Planning Bd.*, 164 AD2d 336, 340).

After reviewing the extensive record before us, we are satisfied that each of petitioners' challenges to the final EIS is lacking in merit. Petitioners' assertion that respondent failed to consider reasonable alternatives to the location and size of the proposed landfill is belied by the plan adopted by the County, the draft EIS and the final EIS, which discuss, to varying degrees, the methodology utilized in selecting the site, the criteria employed in determining site size and reasonable alternatives to the proposed action. Similarly unavailing are petitioners' claims that the draft EIS and final EIS failed to consider Federal wetlands located on the site, discuss leachate treatment or disposal, analyze energy impacts or evaluate the cumulative impacts that a bordering paper sludge landfill would have on the project, as a review of said documents reflects that respondent did indeed identify these areas of environmental concern, take a hard look at them and make a reasoned elaboration as to the basis for its determination. Petitioners' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders and judgments are affirmed, without costs.