■ In the Matter of STANLEY BYER et al., Respondents, v TOWN OF POESTENKILL, Appellant, and PAUL R. PLANTE, Respondent. [648 NYS2d 768] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 22, 1995 in Rensselaer County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of the Town Board of the Town of Poestenkill adopting Local Laws, 1994, No. 2, and declared said law invalid.

At issue in this case is the validity of Local Laws, 1994, No. 2 of the Town of Poestenkill (hereinafter Local Law No. 2) passed by the Town Board in July 1994. Local Law No. 2 permits property owners to apply to rezone up to 10 acres in a residential zone to a natural products (hereinafter NP) designation for the purpose of mining gravel. Local Law No. 2 was enacted less than a year after the Town Board adopted Local Laws, 1993, No. 1 (hereinafter Local Law No. 1), which had prohibited rezoning of all residentially zoned land to an NP designation. In this combined CPLR article 78 proceeding and declaratory judgment action, petitioners contend, *inter alia*, that the Town

Board failed to comply with the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) in issuing a negative declaration regarding the environmental impacts of Local Law No. 2 and that Town Board member Keith Hammond, who proposed and supported Local Law No. 2, should not have been permitted to vote on its adoption because of a purported conflict of interest. The vote approving Local Law No. 2 was 3 to 2; therefore, were Hammond disqualified from voting, Local Law No. 2 would have been defeated.

Supreme Court declared Local Law No. 2 invalid, concluding that Hammond should have been disqualified from voting because he possessed a financial interest in the subject matter of the legislation. The court noted that the Town of Poestenkill Board of Ethics (hereinafter Ethics Board) had issued an opinion concluding that there was no conflict of interest, but nonetheless concluded that Hammond's vote on Local Law No. 2 created an appearance of impropriety. Supreme Court also annulled the negative declaration issued by the Town Board with regard to Local Law No. 2 on the ground that the Town Board's SEQRA review was inadequate.

The issue in this case is not the desirability of gravel mining (itself no small controversy), but rather the level of personal financial interest in such a controversy as will warrant the disqualification of a duly elected public official. Petitioners claim that Hammond should have been disqualified from voting on Local Law No. 2 because he possessed a financial interest in the outcome of the vote, in direct violation of General Municipal Law article 18 and the Poestenkill Code of Ethics. The record in this case reveals that in 1992, before he was elected to the Town Board, Hammond, a dairy farmer, obtained a permit to mine 1.02 acres of his property solely for the purpose of restoring the parcel to a productive agricultural use. Additionally, the record also reveals that before his election to the Town Board in November 1993, Hammond publicly objected to Local Law No. 1's absolute ban on the rezoning of residential areas to permit gravel mining. Petitioners also point out that Hammond owns land in a residentially zoned area that is suitable for gravel mining, although Hammond has stated that he has no present intention of applying for an additional permit to mine gravel on his land.

In determining whether a conflict of interest exists, courts should take a case-by-case approach in looking to the extent of the interest at issue (*see, Matter of Parker v Town of Gardiner Planning Bd.*, 184 AD2d 937, 938, *lv denied* 80 NY2d 761). It is critical that the public be assured that their officials are free to

exercise their best judgment without any hint of self-interest or partiality, especially if a matter under consideration is particularly controversial (*see, Matter of Zagoreos v Conklin*, 109 AD2d 281, 287-288).

In this case, the Ethics Board had determined that there was no conflict of interest that would have prevented Hammond from voting on Local Law No. 2. This finding is entitled to great weight (*see, Matter of Parker v Town of Gardiner Planning Bd., supra*, at 938; *DiLucia v Mandelker*, 110 AD2d 260, 263, *affd* 68 NY2d 844). Based on the record before us, we find the Ethics Board's determination to be entirely rational. The mere fact that Hammond obtained a permit to mine a portion of his land in 1992, more than a year before he was even elected to the Town Board, does not create a conflict of interest since Local Law No. 2 could have absolutely no effect on the continued validity of this permit. Although Hammond opposed Local Law No. 1 and addressed the issue of gravel mining during his 1993 campaign, his statement of personal opinion does not constitute a basis for finding a conflict of interest (*see, Matter of Segalla v Planning Bd.*, 204 AD2d 332, 333; *Matter of Laird v Town of Montezuma*, 191 AD2d 986, 987). Indeed, any other conclusion would necessarily have a chilling effect upon a candidate's ability to express an opinion on important issues during an election campaign or to advocate changes in the law once elected. Certainly, the disclosure by candidates for public office of their opinions on controversial topics is to be encouraged, not penalized.

We also reject petitioners' purely speculative argument that Hammond may financially benefit by Local Law No. 2 because he owns residentially zoned land which may be suitable for mining (*see, Town of N. Hempstead v Village of N. Hills*, 38 NY2d 334, 344; *Matter of Segalla v Planning Bd., supra*, at 333; *Matter of Ahearn v Zoning Bd. of Appeals*, 158 AD2d 801, 802, *lv denied* 76 NY2d 706). Since every owner of property in a residentially zoned district is affected by Local Law No. 2, "petitioners' argument would make all but a handful of property owners in the [Town] ineligible to sit on the board in such matters" (*Town of N. Hempstead v Village of N. Hills, supra*, at 344).

Simply stated, we respectfully disagree with Supreme Court's finding that Hammond "clearly * * * furthered his financial interests" by his vote. Local Law No. 2 merely permits a property owner to apply to the Town Board for a rezoning, a process which itself requires a complete SEQRA review and the issuance of a special use permit from the Town Planning Board.

Even if we discount Hammond's statement in the record that he has no intention of applying for an NP rezoning in the future, the possibility that he might apply, and that after all the requisite reviews his application might be granted, does not rise to the level of personal financial interest which has previously resulted in disqualification (*see, Matter of Keller v Morgan*, 149 AD2d 801; *Matter of Zagoreos v Conklin, supra*; *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd.*, 69 AD2d 320). " ' "The interest which disqualifies a member of councils to vote is a personal or private one, not such an interest as he [or she] has in common with all other citizens or owners of property" ' " (*Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd., supra*, at 326, quoting Annotation, 133 ALR 1257, 1261-1262). Since we find no such conflict, Supreme Court erred in declaring Local Law No. 2 null and void.

Supreme Court also erred in annulling the negative declaration issued by the Town Board in connection with the enactment of the law. In reviewing a SEQRA determination, the relevant inquiry is "whether the agency identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417; *see, Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524, 529; *Matter of King v Saratoga County Bd. of Supervisors*, 223 AD2d 894, 897, *lv granted* 88 NY2d 802). "A * * * negative declaration is properly issued when the agenc[y] [has] made a thorough investigation of the problems involved and reasonably exercised [its] discretion" (*Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 364).

Petitioners' unspecified claim that the Town Board failed to consider all of the environmental effects that gravel mining would have on the community is belied by the record in this case. A public hearing regarding proposed Local Law No. 2 was held on February 9, 1994. Respondent Town of Poestenkill retained an environmental and engineering firm which assisted in the SEQRA review process. A representative of the firm prepared an environmental assessment form (hereinafter EAF) and draft negative declaration, which were presented at a meeting of the Town Board held on April 13, 1994. The EAF addressed the impacts that Local Law No. 2 would have, *inter alia*, on land, water, air, plants, animals, agricultural land resources, aesthetic resources, transportation, noise, odor, public health and the growth and character of the community. The EAF also contained a four-page attachment discussing certain

of these projected impacts in greater detail. The Town Board classified proposed Local Law No. 2 as a type I action and then reviewed the EAF and amended it to add language regarding the 10-acre limit on the size of NP mines within residential zones and to correct technical errors in the portion of the EAF addressing transportation and noise impact. The Town Board then reviewed and discussed the proposed negative declaration and amended it to provide that the reasons for the negative declaration were set forth more fully in the EAF and the minutes of the April 13, 1994 Town Board meeting. In short, the record in this case supports a finding that the Town Board gave the requisite "hard look" to the environmental effects of Local Law No. 2 and also provided a " 'reasoned elaboration' " for its decision to issue the negative declaration (*Matter of Jackson v New York State Urban Dev. Corp., supra,* at 417).

Petitioners' argument that the Town Board's SEQRA review was done too quickly to satisfy the requirements of SEQRA was considered and rejected by the Court of Appeals in *Matter of Gernatt Asphalt Prods. v Town of Sardinia* (87 NY2d 668, 689). Simply because the Town Board answered all of the questions posed by the EAF in the negative and did so quickly and at a single meeting does not establish that its review was inadequate as a matter of law (*supra,* at 689). Similarly, we are satisfied that the Town Board considered the environmental impact of the legislation as a whole and did not improperly segment its review (*see, Matter of Golden Triangle Assocs. v Town Bd.,* 185 AD2d 617, 618).

The remaining contention in the petition (i.e., that protest petitions presented to the Town Board required a supermajority vote before the adoption of Local Law No. 2) was not addressed by the Supreme Court and we remit the matter for further proceedings to address this issue.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. [As amended by unpublished order entered Sept. 3, 1997.]