Jerome J. Levenberg, Esq. Informal Opinion Village Attorney No. 2002-9 Village of Cedarhurst 200 Cedarhurst Avenue Cedarhurst, N.Y. 11516
Dear Mr. Levenberg:
You have asked whether a village trustee who owns commercial property within the village's Business Improvement District ("BID"), and thus is required to pay an assessment over and above his regular municipal taxes to the BID's treasury based on his proportionate interest in BID property, should recuse himself from the village Board of Trustees' deliberations and voting on future BID annual budgets that will come before the village Board of Trustees for approval or disapproval.[1]
As a general matter, recusal would be required if the facts and circumstances suggest that the subject trustee has a substantial, personal interest in the outcome of the BID budget vote. Even the appearance of such an interest would require recusal, in order to maintain public confidence in government. In the absence of specific factual findings regarding the nature of the trustee's interest in the outcome of any Board decisions, however, we cannot assess whether recusal is necessary. While providing general guidance regarding the legal standards for conflict of interest questions, we refer you to your local Board of Ethics for a determination of such facts and resolution of this matter.
Background
The State's Business Improvement District Act (General Municipal Law §§ 980 et seq.) authorizes municipalities to establish BID's to promote commercial development within a designated territorial area of the municipality. Owners of nonexempt real property located within a BID are required to pay a periodic assessment to the municipality, over and above their regular municipal taxes. That money, collected from BID property owners only, is used to fund capital improvements to property within the district and/or services promoting business activity within the district, as set forth in the district plan. See General Municipal Law §§ 980-c, 980-j, 980-l; see generally
Op. Atty. Gen. (Inf.) No. 96-25 (only district property may be charged for the costs of district improvements or services).
You have explained that under the district plan, the BID annual budget is initially prepared by an executive board of the BID's District Management Association, and then submitted to the village Board of Trustees for ultimate approval or disapproval.[2] You have also informed us that the BID is fairly large, and that there are many property owners within the BID.
Discussion
Generally, courts take a case-by-case approach in determining whether a conflict of interest exists. See Matter of Parker v. Town of GardinerPlanning Bd., 184 A.D.2d 937 (3d Dep't), leave denied, 80 N.Y.2d 761
(1992) ("resolution of questions of conflict of interest requires a case-by-case examination of the relevant facts and circumstances"). Your inquiry necessarily involves unknown facts and circumstances surrounding future BID budgets that will not be determined until such an issue arises in the future, including the proposed expenditures in future BID budgets, and the precise nature and extent of the trustee's interests. Thus, we can give only general guidance as to whether a conflict would arise.
In resolving conflict of interest questions, one fundamental principle predominates: a public official must avoid circumstances that compromise his or her ability to make impartial decisions solely in the public interest. See Matter of Tuxedo Conservation Taxpayers Ass'n v. TownBd., 69 A.D.2d 320 (2d Dep't 1979); Op. Atty. Gen. (Inf.) No. 97-5; Op. Atty. Gen. (Inf.) No. 88-60. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Op. Atty. Gen. (Inf.) No. 97-5.
Tuxedo made clear that recusal is required if the facts show that a board member's interest in a matter under review "`is a personal or private one, not such an interest as he has in common with all other citizens or owners of property'":
 `To say in general terms that a member of a city council cannot vote on the passage of an ordinance providing for the construction of some important public improvement, because he owns real property . . . in the city, when the improvement is a general one, is at once to disqualify every property owner in the city from belonging to the city council, and committing all the material interests of the city to a class of persons who have no property rights to protect.'
Tuxedo, 69 A.D.2d at 326 (quoting 133 A.L.R. 1257, 1261-1262).
Thus, in Tuxedo, the court found that a town board member should have recused himself from voting on a two hundred million dollar development project, where there was a strong likelihood that his firm would receive substantial business if the project were approved. Recusal would be required in the present case as well if the facts were to show that a village trustee, his firm, or his employer, would receive a substantial financial benefit as a result of approval, or disapproval, of the BID budget. See id; see also Matter of Zagoreos v. Conklin, 109 A.D.2d 281
(2d Dep't 1985).
On the other hand, recusal has not been required where a board member's interest is merely similar to that of other property owners. See Town ofNorth Hempstead v. Village of North Hills, 38 N.Y.2d 334, 344 (1975) (recusal not required in connection with zoning reclassification ordinance where most of the property in the village met reclassification requirements, making "all but a handful of property owners in the village ineligible to sit on the board in such matters"); Matter of Segalla v.Planning Board, 204 A.D.2d 332 (2d Dep't 1992) (planning board member did not have conflict of interest preventing him from voting on zoning plan where nearly every other property owner was similarly affected by the plan).
A village trustee who owns property within the BID appears to have a more direct interest in the outcome of a BID budget vote than that of other village residents who do not own BID property (because only BID property owners bear the cost of BID improvements and services). However, that interest alone may not be sufficient to require recusal. Courts also inquire into the extent of a board member's interest, and generally do not require recusal where the interest is not substantial. See Parker,184 A.D.2d at 938; Matter of Byer v. Town of Poestenkill, 232 A.D.2d 851
(3d Dep't 1996).
In Parker, for example, a planning board member had a small financial interest in a company whose application for subdivision approval was before the board. Noting that the board member's interest was only .15% of the company's sales, the court rejected the conflict of interest claim, holding that it was, at most, speculative "that such a de minimis
interest would or did in fact influence [the member's] judgment." Id. at 938.
In contrast, in Tuxedo, where a board member's potential financial gain was found to be substantial and inevitable, the court held that the board member should not act. See Tuxedo, 69 A.D.2d at 326. Recusal might be similarly warranted in the present case, if, for example, the facts were to show that a trustee owned a considerable portion of the commercial property within the BID. Under those circumstances, the impact of any additional assessment imposed against such trustee's property as a result of the BID budget would likely be substantial. Recusal would also be appropriate if a proposed improvement were to be closely situated to, or have a direct nexus with, a subject trustee's property, such that his interests are more likely to be affected than those of other BID property owners.
With respect to future BID budgets, therefore, if the facts and circumstances existing at that time suggest that a trustee has a substantial, personal interest in the outcome of the BID budget vote, recusal from deliberations and voting would be warranted in order to avoid the appearance that the trustee's ability to make impartial judgments is compromised. In the absence of recusal, the resulting vote by the Board of Trustees would be subject to attack and might be set aside by a court. See Zagoreos, 109 A.D.2d at 297.
In the absence of such factual findings, we cannot assess whether a conflict of interest (or an appearance of impropriety) would arise. Such a determination is best addressed by your local board of ethics. See
1978 Op. Atty. Gen. (Inf.) 92. Under General Municipal Law §808(3), a municipality may establish a board of ethics to render advisory opinions on questions of conflicts of interest concerning municipal officers and employees. Where a municipality has not established a local board of ethics, ethical questions concerning local employees may be referred to the county board of ethics. See General Municipal Law § 808(2). Accordingly, we recommend that you refer this matter to the board of ethics for an advisory opinion. If a board does not exist, the village board of trustees can form one easily and quickly.
In conclusion, a village trustee must avoid circumstances that compromise his or her ability to make decisions solely in the public interest. Therefore, if a village trustee has a substantial, direct personal interest in the outcome of a future BID budget vote, such that his or her vote could reasonably be interpreted as potentially benefitting such trustee's private interests, recusal from the Board of Trustees' deliberations and voting on the BID budget is the appropriate course of action. Without specific factual findings regarding the nature and extent of the trustee's interest, we cannot assess whether a conflict of interest exists, and we therefore refer you to your local Board of Ethics for further fact-finding and resolution of this matter.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
By: ______________________________
ANN P. ZYBERT
Assistant Solicitor General
[1] You told us that your initial concern centered on a trustee having made prior statements disapproving of the current BID budget. However, despite those statements, the trustee ultimately voted to approve the current BID budget, and the current budget was approved by the entire village Board. You explained that your concern now centers on the general issue of whether a trustee who owns property within the BID would have a conflict of interest with respect to future BID budgets.
[2] With respect to the current BID budget, you have advised that the major expenditures include payments for advertising to promote district activities, and salaries for one or two BID employees who serve in a public relations capacity.