Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by a judgment of the Supreme Court, Steuben County [Joseph D. Valentino, J.], entered January 23, 2008) seeking removal of respondent William O. Hatch as a member of respondent Town Board of Town of Howard pursuant to Public Officers Law § 36.
It is hereby ordered that said petition is dismissed in its entirety without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, removal of respondent William O. Hatch as a member of respondent Town Board of Town of Howard (Town Board) pursuant to Public Officers Law § 36. According to petitioners, Hatch attempted to conceal his relationship with respondent Everpower Global Corporation (Everpower) and disregarded a conflict of interest that arose when he voted to approve a wind energy facility proposed by Everpower that included a wind turbine on Hatch’s property. Supreme Court transferred to this Court that part of the petition seeking Hatch’s removal from the Town Board and dismissed the remainder of the petition. We conclude that the part of the petition transferred to this Court must be dismissed as well and, because no issues are before us concerning the court’s dismissal of the remainder of the petition, the petition is dismissed in its entirety.
Removal of an official from office under Public Officers Law § 36 “generally will not be granted absent allegations of self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust[,] . . . [and a] negations of minor neglect of duties, administrative oversights, *1288 or violations of law ... do not, in general, warrant removal” (Matter of Jones v Filkins, 238 AD2d 954 [1997] [internal quotation marks omitted]). Here, the sole remaining petitioner, Gerald S. Hedman (petitioner), failed to establish that Hatch had an actual conflict of interest that would warrant his removal as a Town Board member. Indeed, the evidence submitted by petitioner in support of the alleged conflict of interest consists solely of Everpower’s proposal for a wind energy facility identifying Hatch as a proposed participating landowner on whose property a wind turbine would be located. In opposition to the petition, Hatch established that he had not entered into any agreement with Everpower with respect to the wind turbine at the time of his vote on the proposal, and petitioner presented no evidence to the contrary. Thus, it cannot be said on the record before us that Hatch was affected by a conflict of interest by virtue of his vote in favor of Everpower’s proposal for a wind energy facility (see generally Matter of Byer v Town of Poestenkill, 232 AD2d 851, 852-853 [1996]). We further conclude that petitioner’s allegation that Hatch intentionally concealed his relationship with Everpower is based on pure speculation and thus is not entitled to any evidentiary weight (see Matter of Young v Costantino, 281 AD2d 988 [2001]). Finally, the alleged impropriety of Hatch in failing to make a public disclosure of the potential conflict of interest does not warrant his removal as a Town Board member (see Public Officers Law § 36).
All concur, Lunn, J., not participating. Present—Scudder, PJ., Martoche, Centra, Lunn and Gorski, JJ.