# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**41**

**CA 15-00687**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF PITTSFORD CANALSIDE
PROPERTIES, LLC, PETITIONER-RESPONDENT,

              V                           MEMORANDUM AND ORDER

VILLAGE OF PITTSFORD, BOARD OF TRUSTEES OF
VILLAGE OF PITTSFORD, LINDA LANPHEAR AND FRANK
GALUSHA, IN THEIR OFFICIAL CAPACITIES AS MEMBERS
OF BOARD OF TRUSTEES OF VILLAGE OF PITTSFORD,
FRIENDS OF PITTSFORD VILLAGE, INC.,
RESPONDENTS-APPELLANTS,
VILLAGE OF PITTSFORD PLANNING BOARD, ET AL.,
RESPONDENTS.

---

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
RESPONDENTS-APPELLANTS VILLAGE OF PITTSFORD, BOARD OF TRUSTEES OF
VILLAGE OF PITTSFORD, LINDA LANPHEAR AND FRANK GALUSHA, IN THEIR
OFFICIAL CAPACITIES AS MEMBERS OF BOARD OF TRUSTEES OF VILLAGE OF
PITTSFORD.

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
RESPONDENT-APPELLANT FRIENDS OF PITTSFORD VILLAGE, INC.

HARRIS BEACH PLLC, PITTSFORD (JOHN A. MANCUSO OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

     Appeals from a judgment (denominated order and judgment) of the
Supreme Court, Monroe County (John J. Ark, J.), entered October 29,
2014 in a CPLR article 78 proceeding. The judgment, among other
things, annulled the resolution adopted by respondent Board of
Trustees of Village of Pittsford on May 1, 2014, rescinding the
negative declaration made pursuant to the State Environmental Quality
Review Act.

     It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the first, seventh and
eighth decretal paragraphs, dismissing in its entirety the first cause
of action in the amended verified petition, granting the second and
third counterclaims, and granting judgment in favor of respondents as
follows:

          It is ADJUDGED and DECLARED that Frank Galusha does not
    have a conflict of interest with respect to matters
    concerning the Project and that he may fully participate in

all deliberations and in rendering determinations with respect to the Project, and it is further

ADJUDGED and DECLARED that Village of Pittsford Mayor Robert Corby does not have a conflict of interest with respect to matters concerning the Project and that he may fully participate in all deliberations and in rendering determinations with respect to the Project,

and as modified the judgment is affirmed without costs.

Memorandum:  Petitioner is the owner and developer of Westport Crossing (hereafter, Project), a proposed mixed-use development in respondent Village of Pittsford (Village).  Respondent Board of Trustees of Village of Pittsford (Board) acted as lead agency for the purpose of conducting an environmental review of the Project pursuant to the State Environmental Quality Review Act (SEQRA).  Following its three-year review of the Project, the Board issued a negative declaration based upon its determination that the Project would not have a significant adverse environmental impact.  The Board thereafter adopted a resolution issuing the requisite special permits for the Project and determining that "[t]he proposed development will be compatible, in terms of scale, massing, orientation, and architectural design, with the visual character of the Village."

On March 11, 2014, following approval by respondent Village of Pittsford Planning Board (Planning Board) of the preliminary site plan for the Project, the Board adopted two resolutions determining that there had been "substantive changes" to certain aspects of the Project that would have a "potential significant adverse impact" that was not considered in the original SEQRA review.  On May 1, 2014, the Board passed a resolution rescinding the negative declaration and issuing a positive declaration.  Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, a judgment "reversing, annulling and vacating and/or setting aside" the March 11, 2014 resolutions, and the May 1, 2014 resolution and positive declaration, and reinstating the negative declaration.  Petitioner alleged in the first cause of action in its amended verified petition that respondents Linda Lanphear and Frank Galusha, members of the Board who voted in favor of the challenged resolutions, had demonstrated bias against the Project, which constituted conflicts of interest disqualifying them from participating in deliberations or determinations with respect to the Project.  In their first counterclaim, the Village, the Board, Lanphear and Galusha (hereafter, respondents) sought a judgment declaring that Lanphear does not have a conflict of interest with respect to matters concerning the Project and that she may fully participate in all deliberations and determinations with respect to the Project.  In their second and third counterclaims, respondents respectively sought identical declarations covering Galusha and Village of Pittsford Mayor Robert Corby, who is also a member of the Board.

Supreme Court dismissed the first cause of action insofar as it sought judgment annulling the resolutions at issue based upon

Lanphear's alleged conflict of interest and granted the declaratory relief sought in the first counterclaim concerning Lanphear. Petitioner did not cross-appeal from that part of the judgment. The court granted the remainder of the relief sought in the first cause of action, annulling the resolutions at issue based upon Galusha's alleged conflict of interest. The court denied the relief sought in the second and third counterclaims, declaring that Galusha had a conflict of interest with respect to the Project and that he may not participate in deliberations and determinations concerning the Project, and that Mayor Corby had a conflict of interest with respect to any additional SEQRA review of the Project and that he may not participate in deliberations or determinations with respect to such SEQRA review.

We agree with the contention of respondents that the court erred in determining that Galusha had a conflict of interest that disqualified him from participating in deliberations or determinations concerning the Project and that Mayor Corby had a conflict of interest that disqualified him from participating in deliberations or determinations concerning SEQRA review of the Project, and we therefore modify the judgment accordingly. "Resolution of questions of conflict of interest requires a case-by-case examination of the relevant facts and circumstances" (*Matter of Parker v Town of Gardiner Planning Bd.*, 184 AD2d 937, 938, *lv denied* 80 NY2d 761). Here, both Galusha and Mayor Corby had expressed opposition to the Project before and after their elections, and prior to voting on the challenged resolutions. They were not disqualified from participating in the deliberations or voting on those resolutions, however, inasmuch as their "alleged bias involved only expressions of personal opinion" that did not constitute a basis for finding a conflict of interest (*Matter of Laird v Town of Montezuma*, 191 AD2d 986, 987). Indeed, we agree with respondents that the expression of opinion by Galusha and Mayor Corby on matters of public concern "is to be encouraged, not penalized" (*Matter of Byer v Town of Poestenkill*, 232 AD2d 851, 853; *see Webster Assocs. v Town of Webster*, 59 NY2d 220, 227).

We further conclude, however, that the court properly annulled the challenged resolutions on the ground alleged in the second cause of action in the amended verified petition, i.e., that the Board lacked authority to rescind its negative declaration under the circumstances of this case. Here, the Board was authorized to rescind its negative declaration "prior to its decision to undertake, fund, or approve an action," and the Board made its decision to approve the action, i.e., the Project, when it issued the requisite special permits (*see Matter of United Water New Rochelle v Planning Bd. of Town of Eastchester*, 2 AD3d 627, 628, *lv denied* 2 NY3d 703; *see also* 6 NYCRR 617.7 [f] [1]). Finally, we reject the contention of respondents that this Court's decision in *Matter of Allegany Wind LLC v Planning Bd. of Town of Allegany* (115 AD3d 1268) supports the conclusion that the Board had authority to rescind its negative declaration. That issue was neither raised nor addressed in *Allegany Wind*.

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court