■ In the Matter of FRANCIS DANYLA, Appellant, v TOWN BOARD OF THE TOWN OF FLORIDA et al., Respondents. [686 NYS2d 213] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Best, J.), entered October 20, 1997 in Montgomery County, which, *inter alia*, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to declare invalid a zoning ordinance approved by respondent Town Board of the Town of Florida.

In 1992, respondents attempted to rezone 600 acres of land

in the Town of Florida, Montgomery County, including approximately 1.6 acres owned by petitioner, without complying with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). Proceedings commenced by petitioner in consequence thereof were resolved by means of a stipulation of settlement whereby the attempted rezoning was nullified, and respondents agreed that upon any future attempt to rezone this land, they would comply with SEQRA and prepare an environmental impact statement in connection therewith.

Thereafter, respondents undertook the process of adopting a new comprehensive plan for the Town to reflect changes in its demographics and economic conditions in the 30 years since its last plan was adopted. To this end, the Town engaged the Montgomery County Department of Planning and Development to analyze the potential environmental consequences of the new plan and its related land use revisions. This process, which commenced in 1993, culminated in the production of a comprehensive plan/generic environmental impact statement (hereinafter CP/GEIS) in November 1995. After the public hearing and comment period required by SEQRA, the final version of the CP/GEIS was approved by the Town Board in January 1996. Included in the final CP/GEIS were proposed revisions to the Town's existing zoning ordinance to implement one of its stated objectives, to wit, increasing jobs through industry. In this regard, the CP/GEIS noted that under the existing zoning ordinance, only 166 acres, or .5% of the Town's land was zoned industrial, and no additional land was available for new industrial development. A public meeting with notice was held to discuss the proposed zoning changes. Shortly thereafter, the Town Board adopted a SEQRA supplemental finding statement setting forth its reasons for electing the option chosen instead of the other three alternatives contained in the CP/GEIS, and rezoned the 600 acres in question to permit the creation of an industrial business park zone. Petitioner then commenced this proceeding alleging that respondents violated SEQRA and the terms of the stipulation of settlement. Supreme Court dismissed petitioner's application to annul the zoning amendment and find respondents in contempt, prompting this appeal.

The narrow question presented is whether Supreme Court properly found that respondents' preparation of a CP/GEIS prior to the rezoning satisfied the requirements of SEQRA and the terms of the parties' stipulation of settlement. The gravamen of petitioner's argument is that respondents' use of a generic environmental impact statement, rather than a site-

specific environmental impact statement, was insufficient to comply with SEQRA and the terms of the stipulation of settlement. We disagree. Use of a generic environmental impact statement is specifically authorized "on the adoption of a comprehensive plan prepared in accordance with * * * subdivision 4, section 272-a of the Town Law"* (6 NYCRR 617.10 [b]) and "new or significant changes to existing land use plans, development plans, zoning regulations" (6 NYCRR 617.10 [a] [4]; see, 6 NYCRR 617.2 [n] [defining an environmental impact statement as "a document prepared in accordance with sections 617.9 and 617.10" and stating that "(a)n EIS may also be * * * 'generic' in accordance with section 617.10"]). The use of a generic environmental impact statement is "especially appropriate when a municipality changes its land use plans, development plans or zoning regulations" (Gerrard, Ruzow and Weinberg, Environmental Impact Review in New York § 4.14; see, Matter of Horn v International Bus. Machs. Corp., 110 AD2d 87, 92, lv denied 67 NY2d 602).

It is well settled that judicial review of an agency's SEQRA process is limited to examining "whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 688). The court thus focuses its inquiry on " 'whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (id., at 688, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417; see, Matter of Byer v Town of Poestenkill, 232 AD2d 851, 854; see also, 6 NYCRR 617.9 [b] [1]). Within these parameters, municipalities enjoy considerable discretion in their determinations as to substantive environmental matters (see, Matter of Argyle Conservation League v Town of Argyle, 223 AD2d 796, 798; Matter of Horn v International Bus. Machs. Corp., supra).

Based upon our review of the record herein, we are satisfied that Supreme Court properly found that respondents adequately discharged their responsibilities under SEQRA. We note that the process which culminated in respondents' final CP/GEIS took several years to complete, and entailed the consideration of a multitude of environmental concerns. After presenting and analyzing four alternative zoning plans, the CP/GEIS recommended that option which afforded the best

---

* Respondents' comprehensive plan was prepared pursuant to Town Law § 272-a.

potential for new development with the least impact to the natural environment. Despite petitioner's claims to the contrary, it does not appear that respondents' rezoning determination was an arbitrary choice, but rather was preceded by the requisite "hard look" at all relevant environmental factors and supported by a "reasoned elaboration" of the basis therefor.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.