■ In the Matter of THOMAS FLECKENSTEIN et al., Appellants, v TOWN OF PORTER et al., Respondents. [765 NYS2d 123]

—Appeal from a judgment (denominated order and judgment) of Supreme Court, Niagara County (Fricano, J.), entered August 1, 2002, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this proceeding pursuant to CPLR article 78 to set aside and annul Local Law No. 3 (2001) of the Town of Porter that, inter alia, rezoned 75 acres of property owned by respondent CWM Chemical Services, LLC (CWM) (incorrectly named in the petition as Chemical Waste Management, LLC) from M-2 (general industrial) to M-3 (heavy industrial). Waste management activities are not allowed in the M-2 district but are allowed in the M-3 district. CWM owns approximately 700 acres in the Towns of Porter and Lewiston, both of which are located in Niagara County. Approximately 350 acres of CWM's property in the Town of Porter is zoned M-3, and CWM operates a hazardous waste treatment, storage, and disposal facility in the M-3 district. In the spring of 1999, CWM applied to the Town Board of respondent Town of Porter (Town Board) seeking, inter alia, to rezone 75 acres of its property in the Town of Porter from M-2 to M-3 in order to construct a new waste management facility, including a new landfill. CWM prepared a draft generic environmental impact statement (DGEIS) for the zoning request pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]). The Town Board, as lead agency, undertook a review of the project and solicited public comments, and thereafter prepared a final generic environmental impact statement (FGEIS) and a Findings Statement pursuant to SEQRA. On October 10, 2001, the Town Board enacted Local Law No. 3 by a 3-2 vote. Petitioners, who live near the rezoned property, commenced this proceeding alleging, inter alia, that the Town Board violated the procedural and substantive requirements of SEQRA; that the Town Board violated General Municipal Law § 239-m by failing to submit a full statement of its proposed action to the Niagara County Planning Board (County Planning Board); and that the Town Board violated Town Law § 265 and Town of Porter Zoning Law § 909 because an appropriate written protest had been filed and four affirmative votes therefore were required in order to pass Local Law No. 3.

Supreme Court properly dismissed the petition. Contrary to petitioners' contention, CWM's use of a generic environmental impact statement was proper because CWM sought the zoning change as a preliminary step in its proposal to construct a new

waste management facility (*see* 6 NYCRR 617.10 [a] [2], [4]). Once the zoning change was approved, CWM was still required to obtain the necessary federal, state, and local permits, and to obtain local site plan approval and a special use permit from the Town Board. Under these circumstances, where "a phase or activity of a project is not a current undertaking but one that will be carried out, if at all, in the future, detailed analysis is often impossible," and the DGEIS and FGEIS were thus permissible (*Matter of Schultz v Jorling,* 164 AD2d 252, 256 [1990], *lv denied* 77 NY2d 810 [1991]; *see Matter of Danyla v Town Bd. of Town of Florida,* 259 AD2d 850, 851-852 [1999]). Contrary to petitioners' further contentions, the Town Board did not engage in improper segmentation (*see generally Matter of Scenic Hudson v Town of Fishkill Town Bd.,* 266 AD2d 462, 463-464 [1999], *lv denied* 94 NY2d 761 [2000]), and the Town Board took the required "hard look" at the environmental impact of the proposed zoning change (*see Danyla,* 259 AD2d at 853).

Petitioners further contend that the Town Board failed to provide the requisite "full statement" of the proposed zoning action to the County Planning Board and thus failed to comply with General Municipal Law § 239-m. We conclude that the Town Board's submission of the proposed zoning changes along with the DGEIS was sufficient to comply with the statute (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 679-680 [1996]). The DGEIS was an adequate substitute for the "completed environmental assessment form" required pursuant to General Municipal Law § 239-m (1) (c) (*see* 6 NYCRR 617.2 [m], [n]; 617.6 [a] [4]). The Town of Porter was not required to refer the matter a second time to the County Planning Board after preparing the FGEIS, which consisted of the DGEIS and responses to public comments on the proposed zoning change. We reject petitioners' contention that the referral to the County Planning Board was otherwise deficient. Finally, the written protest submitted by the owner of property adjacent to CWM's property was insufficient to trigger the supermajority passage requirements of Town Law § 265 and Town of Porter Zoning Law § 909. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ..