In the Matter of Ceryle A. Ellsworth et al., Appellants, v Town of Malta et al., Respondents. [792 NYS2d 227]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered December 5, 2003 in Saratoga County, which, upon reconsideration, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

This appeal concerns respondents' approval of an application to subdivide a 39-acre parcel on Manning Road in the Town of Malta, Saratoga County, referred to as Tiffany Estates. Following commencement of this CPLR article 78 proceeding to annul respondents' approval of the subdivision, respondents made a preanswer motion to dismiss. Initially, Supreme Court determined that respondents failed to comply with General Municipal Law § 239-m, as alleged in the petition, and annulled respondents' approval of the subdivision. Respondents then moved to renew and/or reargue, claiming that the factual information upon which Supreme Court relied in reaching its decision was inaccurate. Supreme Court granted the motion and, upon reconsideration, dismissed the petition. Petitioners appeal.

Although denominated as a motion to renew and/or reargue, respondents contended in the motion papers that Supreme Court overlooked significant facts or misapplied the law in its original decision, making this clearly a motion to reargue (*see Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651 [1996]; *Spa Realty Assoc. v Springs Assoc.*, 213 AD2d 781, 783 [1995]). Supreme Court initially determined that respondents' approval of the subdivision application was fatally flawed, relying, as petitioners alleged, upon General Municipal Law § 239-m (3). However, the relevant provision is actually General Municipal Law § 239-n, which requires referral to the county planning board of a proposed subdivision that is within 500 feet of a highway (*see* General Municipal Law § 239-n [3] [a] [iii]). Since the petition did not allege a violation of this statutory provision, respondents had no obligation to come forth with evidence that the property, in fact, lies beyond the 500-foot limitation. Thus, respondents established that Supreme Court misapprehended the law and the facts in initially granting the petition (*see* CPLR 2221 [d] [2]; *Amato v Lord & Taylor, Inc.*, 10 AD3d 374, 374 [2004]), and Supreme Court properly exercised its discretion in granting respondents' motion to reargue (*see Foley v Roche*, 68 AD2d 558, 567 [1979], *lv denied* 56 NY2d 507 [1982]).

Respondents' original motion to dismiss contends that petitioners' allegations concerning violations of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) are meritless. As Supreme Court dismissed the petition in its entirety, petitioners continue to assert on this appeal that respondents did not meet their obligations under SEQRA by failing to take a "hard look" at the environmental impacts of the project. Because the subdivision in question was classified as an unlisted action, a short environmental assessment form must be submitted to the lead agency "to assist it in determining the environmental significance or nonsignificance of actions" (6 NYCRR 617.2 [m]; *see* 6 NYCRR 617.6 [a] [3]). The lead agency must make a "positive or negative declaration as to whether the proposed action will have a significant effect on the environment" (*Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y.*, 224 AD2d 95, 99-100 [1996], *lv denied* 89 NY2d 802 [1996]). Before making the declaration, the lead agency must take a " 'hard look' at relevant areas of environmental concern *and . . . make a reasoned elaboration of the basis of its determination*" (*Matter of Holmes v Brookhaven Town Planning Bd.*, 137 AD2d 601, 604 [1988], *lv denied* 72 NY2d 807 [1988] [emphasis added]; *see Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y., supra* at 100).

The record reveals that the determination of respondent Town of Malta Planning Board to issue a negative declaration was not arbitrary and capricious and did not constitute an abuse of discretion (*see Matter of Wilkinson v Planning Bd. of Town of Thompson*, 255 AD2d 738, 739 [1998], *lv denied* 93 NY2d 803 [1999]). First, the owners submitted a short form environmental assessment form which addressed and accommodated identified concerns regarding the expansion of the wetlands and included a site plan and a detailed storm water management report. Second, the record demonstrates that the Board considered the relevant areas of environmental concern, including the impact the project would have on migration of the wetlands, traffic and access issues, the handling of the storm water and archaeological features. Further, a number of open meetings were conducted by the Board which provided the public ample opportunity to offer comments and address any potential adverse environmental impacts (*see id.*). The record also reveals that experts and other interested agencies engaged in lengthy and meaningful consideration of the various environmental concerns, including water supply reports and storm water reports detailing drainage and runoff. Additionally, respondents' engineer continually provided detailed commentary on various issues such as zoning, SEQRA, master plan compliance, grading and storm water management, sewer conditions and lighting. Because "the lead agency need not consider every conceivable [environmental] impact" (*Matter of Holmes v Brookhaven Town Planning Bd., supra* at 604), the Board's determination to grant the application to subdivide the subject parcel is supported by substantial evidence in the record.

Although it is the preferred practice that the Board set forth more of a reasoned elaboration for the basis of its determinations, this particular record is adequate for us to exercise our supervisory review to determine that the Board strictly complied with SEQRA procedures (*see Matter of Holmes v Brookhaven Town Planning Bd., supra*), and the degree of detail with which each factor must be discussed varies with the circumstances of each case. Moreover, the Legislature has left the agencies with considerable latitude in determining environmental impacts (*see generally Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). The wealth of documentation contained in this record sufficiently demonstrates the reasons for respondents' actions.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.