■ In the Matter of JOHN L. EADIE et al., Appellants, v TOWN BOARD OF THE TOWN OF NORTH GREENBUSH, Appellant, and JOHN GALLOGLY et al., Respondents, et al., Respondents. [850 NYS2d 240]—

Cardona, P.J. Appeals (1) from a judgment of the Supreme Court (McNamara, J.), entered October 20, 2006 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to vacate, among other things,

a site plan approval issued by respondent Planning Board of the Town of North Greenbush, and (2) from a judgment of said court, entered March 13, 2007 in Albany County, which awarded certain respondents counsel fees.

This appeal is the latest in an extensive history of litigation relating to the planned commercial development of a 35-acre parcel of land located near the intersection of Routes 4 and 43 in the Town of North Greenbush, Rensselaer County (*see Matter of Defreestville Area Neighborhoods Assn., Inc. v Tazbir*, 23 AD3d 70 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of Eadie v Town Bd. of Town of N. Greenbush*, 22 AD3d 1025 [2005], *affd* 7 NY3d 306 [2006]; *Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush*, 16 AD3d 715 [2005]; *Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush*, 299 AD2d 631 [2002]). As relevant herein, after receiving several applications from property owners who sought to rezone their properties to allow for commercial development, including respondent Van Rensselaer Square, LLC (hereinafter VRS), which, in conjunction with respondents Thomas Gallogly and John Gallogly, sought to build a retail shopping center (hereinafter the VRS project), respondent Town Board of the Town of North Greenbush prepared a final generic environmental impact statement (hereinafter GEIS) pursuant to the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]). Despite the objections of some local residents, including certain petitioners herein, the Town Board modified the zoning code to include a new category of "planned commercial" land use.

In January 2005, an application for site plan review of the VRS project was submitted, along with a full environmental assessment form. Respondent Planning Board of the Town of North Greenbush, which had designated itself the lead agency, conducted public hearings in February and November 2005 to receive comments concerning the VRS project. The Planning Board agreed that any unresolved issues would be addressed during a meeting scheduled for January 9, 2006.

Thereafter, during a December 2005 meeting, the Town Board accepted the resignation of respondent Linda Mandel Clemente as Town Attorney. At the same meeting, the Town Board heard motions to appoint her and respondent James Reid to the Planning Board, both of which passed with a 3-2 vote. Subsequently, the leadership of the Town Board, which had changed due to the November 2005 elections, held two unannounced meetings on January 2, 2006 wherein the Town Board attempted to, among other things, cancel the upcoming January 9, 2006 Plan-

ning Board meeting, vacate the appointments of Clemente and Reid and appoint new members to the Planning Board. VRS and the Gallogly respondents then, by order to show cause, sought to void the actions taken by the Town Board on January 2, 2006, as violative of the Open Meetings Law. Supreme Court (McCarthy, J.), in an order entered January 6, 2006, issued a temporary restraining order which, among other things, ruled that the January 9, 2006 meeting "be conducted as originally scheduled and the Town Planning Board remain comprised of the members thereof prior to the January 2, 2006 meeting."[1] Accordingly, the Planning Board met on January 9, 2006 and, after issuing a negative declaration of significance under SEQRA, approved the VRS project site plan application by a 5-1 vote.

Petitioners, who are North Greenbush residents and a not-for-profit corporation opposed to the VRS project, subsequently commenced this CPLR article 78 proceeding seeking to invalidate the negative declaration as well as the site plan approval of the VRS project. In the meantime, Supreme Court (McNamara, J.) granted a motion by Clemente and Reid for an order compelling the Town of North Greenbush to provide a defense for them as respondents to the proceeding. The court thereafter dismissed the petition in its entirety in a judgment entered October 20, 2006, and, in a judgment entered March 13, 2007, granted a motion by Clemente and Reid for counsel fees. These appeals from those judgments by petitioners and the Town Board ensued.

Upon review of petitioners' various challenges to the Planning Board's actions on January 9, 2006 in issuing a negative declaration under SEQRA as well as site plan approval of the VRS project, we conclude that Supreme Court properly dismissed the petition. Notably, four of the six causes of action in the petition allege that the challenged actions of the Planning Board should be vacated because the votes of Clemente and Reid on January 9, 2006 are nullities. Specifically, petitioners maintain that the Planning Board positions filled by the Town Board in December 2005 had not been legally vacated and, additionally, the votes of Clemente and Reid should be discounted due to conflict of interest issues or other alleged improprieties.

---

1. The Town Board unsuccessfully sought to modify the temporary restraining order. While Supreme Court (McNamara, J.) found in an April 2006 order that the Town Board failed to fully comply with the Open Meetings Law on January 2, 2006, it, nevertheless, dismissed the proceeding brought by VRS and the Gallogly respondents on the basis of mootness or ripeness.

Regarding petitioners' contentions that Clemente and Reid were not proper Planning Board members at the time of the January 9, 2006 meeting, we find no basis to invalidate their actions at that time. Given that the participation of Clemente and Reid was pursuant to a valid order of Supreme Court (McCarthy, J.), their votes were cast under the "color of authority" of valid Planning Board members (*Matter of County of Ontario v Western Finger Lakes Solid Waste Mgt. Auth.*, 167 AD2d 848, 849 [1990], *lv denied* 77 NY2d 805 [1991]). Notably, "[t]he de facto officer doctrine is founded upon reasons of policy and necessity; it protects the interests and reasonable expectations of the public, which must rely on the presumptively valid acts of public officials" (*id.* at 849).[2]

Next, we conclude that petitioners did not establish that the votes of Clemente and Reid should be invalidated due to claimed conflicts of interest or related improprieties. As noted by Supreme Court, the fact that both Clemente and Reid previously expressed favorable views with respect to retail development in the town does not constitute a basis for discounting their votes due to conflicts of interest (*see Matter of Byer v Town of Poestenkill*, 232 AD2d 851, 853 [1996]). Furthermore, in our view, nothing in the record clearly demonstrates that either individual stood to gain any financial or other proprietary benefit from the Planning Board's consideration of the VRS project that would mandate annulling their votes (*see Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown*, 31 AD3d 1018, 1020-1021 [2006], *lv dismissed* 8 NY3d 842 [2007]; *Matter of Parker v Town of Gardiner Planning Bd.*, 184 AD2d 937, 938 [1992], *lv denied* 80 NY2d 761 [1992]).

Turning to petitioners' remaining causes of action challenging the issuance of the negative declaration and site plan approval as violative of SEQRA, we disagree with petitioners' assertion that the Planning Board failed to give adequate consideration to the potential traffic impacts of the VRS project and that a supplemental environmental impact statement (hereinafter SEIS) was necessary before approval of the site plan application could be granted. In reviewing a lead agency's SEQRA determination, the focus is whether it " 'identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination' " (*Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7

---

**2.** Given the above result, it is unnecessary to address petitioners' various arguments as to why they believe this Court should ignore the restraining order in place at the time of the January 9, 2006 meeting and invalidate the participation of Clemente and Reid.

NY3d at 318, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Under these guidelines, "municipalities enjoy considerable discretion" where issues impacting the environment are resolved (*Matter of Danyla v Town Bd. of Town of Florida*, 259 AD2d 850, 852 [1999]). It became apparent during the open meetings and subsequent period of public comment that the impact on local traffic was of great concern to the community and, after consulting with local law enforcement and public safety agencies, as well as the Department of Transportation, several mitigation measures were incorporated in the VRS project site plan (*see Matter of Ellsworth v Town of Malta*, 16 AD3d 948, 950 [2005]). After extensive review of the final plans with the VRS project engineers and making detailed findings that the VRS project, as submitted, posed no "significant adverse environmental effects," the Planning Board did not abuse its discretion in rendering the negative declaration and ultimately approving the VRS project site plan (*see Matter of Hoffman v Town Bd. of Town of Queensbury*, 255 AD2d 752, 753 [1998], *lv denied* 93 NY2d 803 [1999]).

Additionally, there is no support for petitioners' contention that a SEIS was required. "[W]here a GEIS is used, an SEIS must be prepared in connection with a 'subsequent proposed action' that was 'not addressed or was not adequately addressed' in the GEIS" and the action may impact negatively upon the environment (*Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d at 319, quoting 6 NYCRR 617.10 [d] [4]). Inasmuch as the GEIS executed during the rezoning of the Routes 4 and 43 corridor included a comprehensive traffic impact study which, as discussed above, fully contemplated the effects that the VRS project would have on local traffic, it cannot be said that an SEIS was necessitated in this instance.

Finally, the Town Board challenges the award of counsel fees to Clemente and Reid as being without legal basis or, alternatively, excessive. Initially, we are unpersuaded that counsel fees could not validly be imposed by law. The intent of the Public Officers Law is to shield public employees from claims arising out of their public employment or service to the municipality. Although the Town Board claims to have replaced Clemente and Reid as Planning Board members on January 2, 2006 as a result of a resolution that was stayed by Supreme Court (McCarthy, J.), inasmuch as those individuals served on the Planning Board as confirmed in that court order, and suit was brought against them in their "official capacity," they reasonably expected that they would be provided with a defense or counsel fees for ac-

tions related to that employment (*see Matter of Hogue v Zoning Bd. of Appeals of Vil. of Canajoharie*, 239 AD2d 807, 808 [1997]).

As for the propriety of the amount awarded, the Town Board correctly maintains that Supreme Court did not afford it an adequate opportunity to contest the amount after a final bill was presented to the court on February 27, 2007. Under the circumstances, we deem it appropriate to remit the matter to Supreme Court for a hearing to determine which counsel fees are allowable, providing the Town an opportunity to heard (*see Matter of Graziano v County of Albany*, 25 AD3d 1059, 1061 [2006]).

We have considered the parties' remaining contentions and find them to be unpersuasive.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment entered October 20, 2006 is affirmed, without costs. Ordered that the judgment entered March 13, 2007 is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.