In the Matter of WILLIAM MIRABILE et al., Appellants, v CITY OF SARATOGA SPRINGS et al., Respondents. [888 NYS2d 325]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered April 3, 2009 in Saratoga County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion for summary judgment dismissing the petition/complaint.

In 2001, respondent City of Saratoga Springs created an investigatory task force to study the feasability of constructing a public indoor recreation facility within city limits. Initially, a site on Weibel Avenue in the City of Saratoga Springs, Saratoga County was chosen for the facility, and funding for the construction of an arena to house the facility was included and approved

by the City in its 2005, 2006 and 2007 six-year capital programs and capital budgets.[1]

In 2008, after issues were raised regarding the use of the Weibel Avenue site, respondent City of Saratoga Springs City Council selected property that the City owned on Vanderbilt Avenue as the location for the arena and declared that it would be the lead agency for this project (*see* ECL 8-0111 [6]; 6 NYCRR 617.2 [u]). The City Council then commenced its review of the project in accord with the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]) and, after numerous public hearings, adopted a negative declaration of environmental significance regarding the project's impact on the surrounding environment. After respondent City of Saratoga Springs Planning Board issued site plan approval for the project, petitioners, 14 adjacent property owners, commenced this combined declaratory judgment action/ CPLR article 78 proceeding challenging the City Council's decision to issue a negative environmental declaration and sought a judgment declaring that the City Council had violated the City's zoning ordinance and the city charter in the process it employed in improving and funding the project. After respondents moved to dismiss the petition, Supreme Court, on notice to the parties, converted the motion to one for summary judgment (*see* CPLR 3211 [c]) and issued a temporary restraining order preventing the City from actual construction, but not otherwise preventing the project from moving forward. Supreme Court then issued a decision finding in respondents' favor, vacated the temporary restraining order and dismissed the petition/complaint. Petitioners now appeal.

We affirm. As a preliminary matter, respondents argue that petitioners' failure to seek a stay of the construction while this appeal was pending renders their challenge to the process and the approval of the project moot (*see Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush*, 16 AD3d 715, 717-718 [2005]; *see also Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 173 [2002]). Undoubtedly, the burden was on petitioners to preserve the status quo of this project while this appeal was pending and, in their written submissions on this appeal, they offer no explanation for not seeking a stay barring any further work being performed on the project after Supreme Court

---

1. The City issued $100,000 in municipal bonds for the project in 2005, $1,865,000 in 2006, and $4,330,000 in 2007. To date, the City has spent over $1,000,000 toward construction of the arena.

rendered its decision and the temporary stay had been lifted[2] (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 728-729 [2004]; *Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown*, 31 AD3d 1018, 1019-1020 [2006], *lv dismissed and denied* 8 NY3d 842 [2007]). However, we cannot conclude on the record before us that construction of this facility has proceeded beyond the point where it could not be " 'readily undone, without undue hardship' " (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729, quoting *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 173). In fact, the order dismissing the petition and vacating the temporary restraining order was issued within the last six months, and respondents, while characterizing the construction of the project as "well under way," have not claimed that it is near completion or substantially completed. We also note that petitioners, over respondents' objection, sought an expedited hearing of this appeal and had moved expeditiously to perfect it.[3] As such, this appeal is not moot.

As for the issues raised by this appeal, petitioners in essence claim that respondents failed to comply with SEQRA in the review performed on this project prior to its approval and the issuance of a negative declaration. They argue that the City Council did not take a "hard look" at the project's impact upon the surrounding area and, in particular, petitioners complain that the City Council's review did not account for how the project would substantially diminish what open space now exists in the area or the significant increase in noise, odor and traffic that would inevitably result from the location of an indoor arena in their neighborhood. Petitioners also argue that the plan as approved does not take into consideration the adverse impact such a facility would have on the local water supply.

Initially, we note that our review of a SEQRA determination "is limited to 'whether the agency identified the relevant areas of environmental concern, and took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417

---

**2.** We note that during oral argument, petitioners claimed that they did not seek a stay because of the financial commitment required of them if one were to issue and that respondents conceded that mootness was not a principal issue that they were pursuing on this appeal.

**3.** Petitioners' motion was denied.

[1986]; *see Matter of Friends of the Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner*, 56 AD3d 883, 884-885 [2008]). Here, the City Council directed that a long-form assessment of the project be prepared after it had classified construction of the arena as a type I project requiring such a review (*see* 6 NYCRR 617.6 [a] [1] [iv]; [2]). Only after it conducted numerous public hearings, all of which focused on the project's impact on the area and, in particular, its effect on the flow of traffic, the area water supply and its open space, as well as the character of the surrounding neighborhood, did the City Council issue its negative declaration (*see* 6 NYCRR 617.7 [a] [1]), and the Planning Board approve a site plan. This record satisfies us that the City Council acted only after it had properly identified those areas of legitimate environmental concern (*see Matter of Citizens for Responsible Zoning v Common Council of City of Albany*, 56 AD3d 1060, 1061-1062 [2008]) and took a "hard look" at how those concerns would be affected and addressed by this project before it issued a negative declaration. As such, we cannot conclude that this decision, as it was issued, constituted an abuse of the City Council's discretion (*see Matter of Eadie v Town Bd. of Town of N. Greenbush*, 47 AD3d 1021, 1025 [2008]).

We are also unpersuaded by petitioners' claim that the City Council erred by failing to identify the Saratoga Springs Central School District and New York State Office of Parks, Recreation and Historic Preservation as "involved agencies" that should have been included in the SEQRA process (6 NYCRR 617.2 [s]). Petitioners argue that the project's proposed use of this property is at odds with a clause in the deed by which the property on Vanderbilt Avenue was obtained by the City. This clause provided that the property would revert back to the school district if it was no longer used by the City for recreational or playground purposes. However, the facility to be constructed is designed to provide the public with an indoor arena for recreational use and, as such, contemplates a use which is consistent with the provisions contained in this deed. As for the Office of Parks, Recreation and Historic Preservation, we note that this agency occupies an advisory status in connection with any proposals that might constitute an alienation of park land and that no prohibition exists that bars the construction of an indoor public arena on public park land. Finally, neither the school district nor the park agency had "jurisdiction by law to fund, approve or directly undertake [the project]" (6 NYCRR 617.2 [s]; *compare State of New York v Town of Horicon*, 46 AD3d 1287, 1289 [2007]) and, as such, are not "involved" parties that had to be included in the SEQRA process.

Petitioners also sought a declaration that respondents had

violated the City's charter by failing to include the project in the 2009 six-year capital program or capital budget when construction of this project was scheduled to begin after the Vanderbilt Avenue site had been chosen for the location of the arena. However, the City's charter does not require that programs that have already been vetted through the budgetary process and for which funding has already been approved and appropriated be included in capital budgets during the year that such projects are under construction. In fact, by 2009, this project had proceeded beyond the planning stage and could no longer be classified as a "proposed Capital project." While it is true, as petitioners claim, that Vanderbilt Avenue was belatedly chosen as the site for the project after funds had been budgeted and appropriated for construction of the arena, that fact did not mean that the entire project had to once again be included in the City's capital budget or proceed anew through the City's budgetary process. In fact, while the location of the arena had changed, the essential details surrounding its construction, size and configuration and cost had not changed, and the decision to place this arena on Vanderbilt Avenue as opposed to Weibel Avenue did not so transform the project so as to require that the project be listed in successive capital budgets simply because construction was ongoing but not yet completed.

Finally, petitioners argue that respondents violated the City's zoning ordinance by not obtaining approval from the City's Zoning Board of Appeals for the project before beginning construction (*see* City of Saratoga Springs Zoning Ordinance § 240-12.18 [A]). Zoning Ordinance § 240-12.18 (A) does not require Zoning Board approval for any action "proposed by any agency, department, branch or division of New York State . . . which involves the exercise of direct governmental functions, consistent with the purposes and jurisdiction of such agency, department, branch or division of New York State." We agree with Supreme Court that the City constituted a political division or subdivision of the state (*see People ex rel. Town of Pelham v Village of Pelham*, 215 NY 374, 385-386 [1915]; *People ex rel. Williams Eng'g & Contr. Co. v Metz*, 193 NY 148, 161 [1908]; *People ex rel. Bolton v Albertson*, 55 NY 50, 56 [1873]) and, therefore, was exempt from the requirements of its own zoning ordinance.[4]

To the extent not specifically addressed herein, petitioners' remaining contentions have been reviewed and found to be lacking in merit.

---

4. In any event, the City submitted applications for zoning variances to the Zoning Board and, in March 2009, the Zoning Board issued variances to the City for the project.

Cardona, P.J., Peters, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.