Matter of Town of Mamakating v Village of Bloomingburg (2019 NY Slip Op 05732)





Matter of Town of Mamakating v Village of Bloomingburg


2019 NY Slip Op 05732


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

526638

[*1]In the Matter of TOWN OF MAMAKATING et al., Appellants,
v
VILLAGE OF BLOOMINGBURG et al., Respondents.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Jacobowitz and Gubits, LLP, Walden (J. Benjamin Gailey of counsel), for appellants.
Alex Smith, Middletown, for Village of Bloomingburg and others, respondents.
Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for Sullivan Farms II, Inc., respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered March 9, 2018 in Ulster County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review, among other things, a determination of respondent Village of Bloomingburg Planning Board reaffirming subdivision and site plan approval for a development.
Respondent Sullivan Farms II, Inc. sought approval to construct a townhouse complex in the Village of Bloomingburg, Sullivan County. An environmental impact statement under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) was prepared and, in July 2009, respondent Village of Bloomingburg Board of Trustees adopted the findings of the SEQRA findings statement for the project. Later that month, respondent Village of Bloomingburg Planning Board adopted the findings of the Village Board of Trustees as its own. In 2010, the Village Planning Board granted subdivision and site plan approval to Sullivan Farms, and construction began in 2012.
In 2016, however, petitioner Town of Mamakating Planning Board, acting pursuant to an intermunicipal agreement that gave it the powers, authority and responsibilities of the Village Planning Board, rescinded the 2010 subdivision and site plan approval. Sullivan Farms thereafter amended its subdivision and site plan application and proposed to widen the roads to be in accordance with the applicable codes. Sullivan Farms also requested in its amended application that the Village Board of Trustees reaffirm the 2009 SEQRA findings and that the [*2]Village Planning Board reaffirm the 2010 subdivision and site plan approval. In January 2017, the Village Board of Trustees and the Village Planning Board took such requested action.[FN1]
Petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, to annul the determination by the Village Board of Trustees to reaffirm the 2009 SEQRA findings and the determination by the Village Planning Board to reaffirm the 2010 subdivision and site plan approval. Petitioners thereafter moved for a preliminary injunction. Prior to answering, Sullivan Farms cross-moved to dismiss the petition on the basis of lack of standing. Respondent Village of Bloomingburg, the Village Planning Board and the Village Board of Trustees also made a pre-answer cross motion and joined Sullivan Farms' claim regarding lack of standing. In an October 2017 order, Supreme Court denied petitioners' motion and partially granted the cross motions. Following joinder of issue, the court, in a March 2018 judgment, dismissed the petition/complaint. Petitioners appeal. We affirm.
As an initial matter, to the extent that respondents argue, as an alternative ground for affirmance, that the Town Planning Board lacked the authority to rescind the 2010 subdivision and site plan approval, such argument is not properly before us. In addition to submitting an amended subdivision and site plan application, Sullivan Farms commenced a combined CPLR article 78 proceeding and declaratory action seeking, among other things, annulment of the Town Planning Board's rescission determination on the basis that the Town Planning Board had no authority to take such action. In a February 2017 judgment, Supreme Court dismissed Sullivan Farms' petition/complaint to the extent that it sought such relief. We subsequently dismissed Sullivan Farms' appeal therefrom as moot based on the action taken by the Village Planning Board in reaffirming the 2010 subdivision and site plan approval (Matter of Sullivan Farms II, Inc. v Town of Mamakating Planning Bd., 165 AD3d 1447, 1449-1450 [2018]). In view of our decision, respondents cannot, in this appeal, reassert their contention that the Town Planning Board's rescission determination was unlawful.
Assuming, without deciding, that petitioners have standing to bring this proceeding/action,[FN2] we find that Supreme Court correctly dismissed the petition/complaint. Petitioners argue that the Village Planning Board lacked the authority to reaffirm the 2010 subdivision and site plan approval. We disagree. "Despite the lack of statutory authority, a planning board may reconsider a determination if there has been a material change of circumstances since its initial approval of the plat or new evidence is presented" (Matter of 1066 Land Corp. v Planning Bd. of Town of Austerlitz, 218 AD2d 887, 887 [1995] [citations omitted]). Given that the record discloses that the Village Planning Board was presented with new information in the amended subdivision and site plan, we find that it was authorized to reaffirm the approval notwithstanding the fact that it had been previously rescinded.
We reject petitioners' contention that the reaffirmation of the 2010 subdivision and site plan approval by the Village Planning Board was arbitrary and capricious. The record discloses that various data and information were examined before reaffirming the approval. As part of its request that the Village Planning Board consider an amendment to its subdivision and site plan approval, Sullivan Farms submitted analyses from engineering experts examining the potential stormwater impacts and increased water usage due to the proposed expansions of the road. Sullivan Farms also submitted an analysis contesting the Town Planning Board's conclusions as to water usage and negative effects of increased traffic. The Village Engineer, after reviewing this material, recommended approving the amended subdivision and site plan application. The Village Planning Board reviewed and considered the foregoing information and, therefore, we [*3]cannot say that its determination to reaffirm the 2010 subdivision and site plan approval was arbitrary and capricious (see Matter of Edscott Realty Corp. v Town of Lake George Planning Bd., 134 AD3d 1288, 1290-1291 [2015]). Furthermore, although petitioners offered competing expert opinions, the Village Planning Board was entitled to credit the information submitted by Sullivan Farms as opposed to that of petitioners (see Matter of Dugan v Liggan, 121 AD3d 1471, 1473 [2014]). In addition, contrary to petitioners' claim, the Village Planning Board was not required to refer the revised subdivision and site plan approval to the applicable county planning department because "the particulars of the amendment were embraced within the original referral" (Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d 989, 992 [2009], lv dismissed 13 NY3d 788 [2009]).
Petitioners' assertion that the Village Board of Trustees lacked jurisdiction to act as the SEQRA lead agency is without merit inasmuch as the Village Board of Trustees served as the original lead agency and, therefore, had a continuing duty to evaluate the new evidence presented by Sullivan Farms (see Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency, 224 AD2d 15, 23 [1996], lvs dismissed and denied 89 NY2d 811, 860 [1997]). Nor do we find merit in petitioners' claim that the Village Board of Trustees failed to comply with SEQRA or that its determination not to direct a supplemental environmental impact statement was arbitrary and capricious. The record discloses that the Village Board of Trustees reviewed and considered various information, including the recommendation, resolutions and SEQRA findings of the Village Planning Board, a report from the Village's engineer and information provided by Sullivan Farms concerning water and sewage use and increased traffic. In our view, the Village Board of Trustees took the requisite hard look at the relevant areas of concern and satisfied the requirements of SEQRA in determining that a supplemental environmental impact statement was not necessary (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007]; Matter of Gabrielli v Town of New Paltz, 116 AD3d 1315, 1318 [2014]; Matter of Eadie v Town Bd. of Town of N. Greenbush, 47 AD3d 1021, 1024-1025 [2008]; Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating, 46 AD3d 1309, 1312 [2007], lv denied 10 NY3d 712 [2008]). Furthermore, even if we agreed with petitioners that the reasoning provided by the Village Board of Trustees was not sufficiently elaborate, the "record is adequate for us to exercise our supervisory review to determine that [it] strictly complied with SEQRA procedures" (Matter of Ellsworth v Town of Malta, 16 AD3d 948, 950 [2005]). Accordingly, we cannot say that the Village Board of Trustees' determination in this regard was arbitrary and capricious.
We are unpersuaded by petitioners' argument that a conflict of interest existed such that the determination to reaffirm the SEQRA findings by the Village Board of Trustees must be annulled. "In determining whether a disqualifying conflict exists, the extent of the interest at issue must be considered and[,] where a substantial conflict is inevitable, the public official should not act" (Matter of Parker v Town of Gardiner Planning Bd., 184 AD2d 937, 938 [1992], lv denied 80 NY2d 761 [1992]). It is undisputed that two of the three members of the Village Board of Trustees rented homes from a company affiliated with the principal of Sullivan Farms. This mere relationship, however, does not give rise to an instance where a substantial conflict would be inevitable. Moreover, petitioners failed to tender any proof indicating how the subject members gained any benefit or advantage by their votes. As such, we find that no conflict of interest existed (see Matter of Schupak v Zoning Bd. of Appeals of Town or Marbletown, 31 AD3d 1018, 1021 [2006], lv dismissed 8 NY3d 842 [2007]). Petitioners' remaining contentions have been considered and are unavailing.
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: In reaffirming the 2009 SEQRA findings, the Village Board of Trustees also determined that a supplemental environmental impact statement was unnecessary.

Footnote 2: Respondents also contend as an alternative ground for affirmance that Supreme Court should have granted their respective pre-answer cross motions to dismiss for lack of standing in their entirety.